In re Jose M. **RIVERA**, Sr., Debtor.

Marvin A. **Sicherman**, Trustee, Plaintiff,

v.

William M. **Crosby**, et. al., Defendants.

Bankruptcy No. 03–10798.
Adversary No. 05–1140.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

Dec. 13, 2007.

Lisa A. Vardzel, Dettelbach, Sicherman & Baumgart, Cleveland, OH, for Plaintiff.

Marvin A. Sicherman, Dettelbach, Sicherman & Baumgart, Cleveland, OH, Pro se.

Lester S. Potash, Stephen D. Hobt, Cleveland, OH, Jonathan E. Rosenbaum, Elyria, OH, for Defendants.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Chief Judge.

The matter before the Court is the Defend ant/Third-Party Plaintiff William M. Crosby's Motion to Dismiss Cross–Claims of Jose M. Rivera Against William M. Crosby. Rivera, the Debtor and a defendant in the above-captioned adversary proceeding, opposes the Motion. After considering the parties' briefs and conducting a hearing on the matter, the Court issues the following findings of fact and conclusions of law dismissing the cross-claims of Jose Rivera against William M. Crosby:

The Debtor filed for voluntary relief under Chapter 7 proceedings on January 22, 2003. Prepetition, the Debtor had a personal injury claim against the Catholic Diocese of Cleveland. (*See* Debtor's Schedules at pg. 7, 02CVI131933, Lorain County Court of Common Pleas). William Crosby was the Debtor's counsel in the state court action. Postpetition, the Debtor entered into a settlement agreement of the personal injury claim on June 19, 2003, without prior approval of this Court and agreed to settle his claim for $175,000.00. (Trustee's Complaint at ¶ 5). Of the settlement amount, Crosby distributed $95,000.00 to the Debtor. (Trustee's Complaint at ¶ 8). The Debtor failed to turnover $80,000.00 of those funds to the Trustee and this resulted in revocation of the Debtor's discharge. (*See* Adv. Proc. No. 05–1231). This Court's order revoking the Debtor's discharge was affirmed by the Bankruptcy Appellate Panel on appeal.

The Trustee brought the instant adversary proceeding seeking to recover the settlement proceeds from the Debtor and Crosby as property of the estate. (Trustee's Complaint at ¶ 10). In his answer to the Trustee's complaint, Rivera asserted cross-claims against his personal injury attorney, William Crosby. Specifically, Rivera alleges that: 1) Crosby committed legal malpractice by advising him that $80,000.00 of the settlement proceeds belonged to and could be spent by Rivera; 2) Crosby fraudulently retained 40% of the settlement proceeds, when the fee agreement between Rivera and Crosby with respect to the personal injury claim provided for only a 33% fee; and 3) the improper retention of 40% of the settlement proceeds constituted theft by deception in violation of Ohio Revised Code § 2913.02(A)(3). Crosby moves to dismiss Rivera's cross-claims pursuant to Rule 12(b)(6), made applicable to this proceeding by Bankruptcy Rule 7012.

\* \*

The dispositive issues are whether this Court has jurisdiction to hear Rivera's cross-claim for legal malpractice against William Crosby and whether Rivera has standing to assert cross-claims against William Crosby for improper retention of estate property.

\* \* \*

In his answer to the Trustee's complaint, Rivera admits the jurisdictional allegations of the complaint and further alleges that the same grant of jurisdiction permits this Court to hear his cross-claim. However, the Trustee's basis for jurisdiction is recovery of property of the estate. (Trustee's Complaint at ¶ 1). As discussed more fully below, the Debtor lacks standing to pursue recovery of estate property and, as such, the Trustee's allegation of jurisdiction does not give this Court jurisdiction over the Debtor's cross-claims against Crosby.

Rivera alleges three claims against Crosby, asserting that the legal malpractice claim accrued postpetition and the claims based on Crosby's improper retention of the settlement proceeds are prepetition claims because the settlement proceeds were property of the estate. The Court will analyze the propriety of the claims as bifurcated by Rivera, *i.e.*, the legal malpractice claim as accruing postpetition and the improper retention claims as belonging to his estate.

■ Although the question of jurisdiction was not raised by Crosby, federal courts have an independent duty "to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle,* 429 U.S. 274, 278, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The jurisdiction of bankruptcy courts, "like that of other fed-

eral courts, is grounded in, and limited by statute." *Celotex Corporation v. Edwards,* 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). It is the party "invoking federal jurisdiction [that] bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

■ Title 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." A district court may refer "any or all proceedings arising under title 11 or arising in or related to a cause under title 11 ... to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

28 U.S.C. § 157(c)(1), which states in pertinent part that:

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such a proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings of tact and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

■ A civil proceeding is "related to" a bankruptcy case where "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Wolverine Radio Co.,* 930 F.2d 1132, 1142 (6th Cir.1991). *In re Boone,* 52 F.3d 958, 961 (11th Cir.1995). *See also,* and *In re Kubly,* 818 F.2d 643, 645 (7th Cir.1987)("Like other federal courts, a bankruptcy tribunal is one of limited jurisdiction. Its power must be conferred, and it may not be enlarged by the judiciary because the judge believes it wise to resolve the dispute.")

With respect to the postpetition claim for legal malpractice, such claim does not arise under Title 11, nor does it satisfy any of the core jurisdiction matters listed in 18 U.S.C. § 157(b). Accordingly, this Court could only adjudicate Rivera's legal malpractice claim against Crosby if such claim was related to the Debtor's bankruptcy case. 28 U.S.C. § 157(c)(1). The Court finds no basis for concluding that Rivera's legal malpractice claim could have any conceivable effect on the Debtor's bankruptcy estate.

■ It is undisputed that the claim belongs to Rivera personally and is not property of the estate. Pursuant to 11 U.S.C. § 541(a), property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Herein, the Debtor is alleging malpractice against Crosby for advice given to the Debtor postpetition. Therefore, such claim did not exist as of the commencement of the Debtor's case and is thus not property of the estate. Accordingly, recovery on such claim would not impact the Debtor's estate such that this Court could exercise related-to jurisdiction over the Debtor's claim.

In his response to Crosby's Motion to Dismiss, Rivera indicated that it is his desire to make the estate whole by prosecuting his claims against Crosby. Rivera was unable, however, either in his written response or at the hearing on the Motion, to specify what legal authority supported his assertion that his desire to make the estate whole somehow made the claim related to his bankruptcy case. Accordingly, this Court is without jurisdiction to adjudicate the Debtor's legal malpractice claim against Crosby.

■ With respect to the Debtor's claims that Crosby improperly retained a portion of the settlement proceeds, such

matter would be a core proceeding because it is undisputed that the settlement proceeds were property of the estate. (*See* this Court's February 13, 2005 Order). As such, any action to recover such property would be a matter within this Court's core jurisdiction. 28 U.S.C. § 157(b)(2)(A), (E) and (O). However, because such claims are property of the estate, the Trustee is the party with standing to assert such claims. 11 U.S.C. § 704(a)(1)(Trustee has duty to "collect and reduce to money the properly of the estate.") Consistent with that duty, Bankruptcy Rule 6009 authorizes a trustee to "commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Because such claims belong to the Trustee, the Debtor would not have standing to pursue a claim against Crosby for improperly retaining property of the estate. *See Bauer v. Commerce Union Bank, Clarksville, Tennessee,* 859 F.2d 438 (6th Cir.1988)("It is well settled that the right to pursue causes of action formerly belonging to the debtor ... vests in the trustee for the benefit of the estate. The debtor has no standing to pursue such causes of action.")(internal quotations omitted).

\*   \*   \*   \*   \*   \*

Accordingly, because this Court lacks subject matter jurisdiction over the Debtor's cross-claim for legal malpractice against William Crosby and because the Debtor lacks standing to assert claims for improperly retaining estate property, the Defendant/Third–Party Plaintiff William M. Crosby's Motion to Dismiss Cross–Claims of Jose M. Rivera Against William M. Crosby is hereby granted. Rivera's opposition thereto is overruled. Each party is to bear its respective costs.

**IT IS SO ORDERED.**