**In re Mary M. BARUCH, Debtor.**

**Myron N. Terlecky, Chapter 7 Trustee, Plaintiff,**

**v.**

**Mary M. Baruch, et al., Defendant/Third Party Plaintiffs,**

**v.**

**Michael T. Gunner, Esq., Third Party Defendant.**

**Bankruptcy No. 07–57212.**
**Adversary No. 10–02282.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

March 16, 2011.

James A. Coutinho, Myron N. Terlecky, Strip Hoppers Leithart McGrath & Terlecky, Columbus, OH, for Plaintiff.

David C. Barrett, Jr., Dublin, OH, for Defendant.

Gregory D. Brunton, Paul N. Garinger, Reminger Co. LPA, Columbus, OH, for Third Party Defendant.

### ORDER GRANTING THIRD PARTY DEFENDANT'S MOTION TO DISMISS THIRD PARTY COMPLAINT

C. KATHRYN PRESTON, Bankruptcy Judge.

This cause came on for hearing on Third Party Defendant Michael T. Gunner's Motion to Dismiss Third Party Complaint (Doc. 10) filed by Michael T. Gunner (hereinafter "Third Party Defendant"), the Memorandum in Opposition thereto (Doc. 11) filed by Mary M. Baruch and Ann M. Baruch (hereinafter "Third Party Plaintiffs"), the Third Party Defendant's Reply Memorandum in Support of Motion to Dismiss (Doc. 12), the Third Party Plaintiffs' Supplemental Memorandum in Opposition to the Motion to Dismiss (Doc. 25), and the Third Party Defendant's Memorandum in Opposition to the Third Party Plaintiffs' Supplemental Memorandum in Opposition to Motion to Dismiss (Doc. 27).

### I. Background

Third Party Plaintiff Mary M. Baruch (hereinafter "Mary") filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on September 12, 2007. Among the assets of the bankruptcy estate is an undivided one-half interest in the real estate located at 3120 Fishinger Road, Columbus, Ohio 43221 owned by Mary. Third Party Plaintiff Ann M. Baruch (hereinafter "Ann"), who is not a debtor in any bankruptcy case, owns the other undivided one-half interest in the real estate. At the time of filing, the real estate was subject to a mortgage held by Countrywide Home Loans (hereinafter "Countrywide"). This mortgage was avoided pursuant to an order of this Court on February 23, 2009. Pursuant to this order, Countrywide's mortgage was preserved for the benefit of the bankruptcy estate under 11 U.S.C. § 551. The real estate is also subject to another mortgage held by Fifth Third Bank (hereinafter "Fifth Third").

On August 27, 2008, upon motion by the Chapter 7 Trustee, this Court entered the Order Granting Motion to Chapter 7 Trustee to Sell Undivided One–Half Interest in Real Estate Located at 3120 Fishinger Road to Debtor, Mary M. Baruch, by Land Installment Contract, Free and Clear of the Lien of Countrywide Home Loans (Doc. 48). Pursuant to this order, the Chapter 7 trustee Myron N. Terlecky (hereinafter "Plaintiff"), agreed to sell the bankruptcy estate's interest in the real estate to Mary by Land Installment Contract for $58,000.00.

On June 18, 2010, the Plaintiff filed against Mary and Ann a Complaint for Forfeiture of Real Estate Pursuant to Land Installment Contract and for Authority Pursuant to 11 U.S.C. § 363(H) to Sell the Jointly–Owned Real Estate Located at 3120 Fishinger Road, Columbus, Ohio 43221 (Doc. 1). Evidently, Mary ceased making monthly payments ($450.00 per month) under the express terms of the Land Installment Contract. Therefore, the Plaintiff is seeking forfeiture of Mary's interest in the real estate. The Plaintiff also seeks authorization by this Court to sell the real estate pursuant to 11 U.S.C. § 363(H).

On July 16, 2010, the Third Party Plaintiffs filed an answer to the Plaintiff's Com-

plaint (Doc. 4) and also filed a Third Party Complaint against the Third Party Defendant alleging that the Third Party Defendant committed professional negligence while he was employed as counsel for the Third Party Plaintiffs. First, the Third Party Plaintiffs allege that the Third Party Defendant was negligent in preparing Mary's bankruptcy schedules in that the schedules created the false impression that Mary was the sole owner of the real estate. The Third Party Plaintiffs further allege that the Third Party Defendant failed to take action to invalidate the Countrywide Mortgage prior to the commencement of the bankruptcy proceeding, which if invalidated, allegedly would have resulted in Countrywide having only an unsecured claim in the real estate. This would have allowed Mary to benefit from the Ohio exemption for residential property when the bankruptcy petition was filed. Finally, the Third Party Plaintiffs allege that the Third Party Defendant negligently advised Mary to enter into a reaffirmation agreement with Fifth Third Bank to reaffirm her personal liability for the debt to Fifth Third. The Third Party Plaintiffs allege that it was not in Mary's best interest to enter into the reaffirmation agreement with Fifth Third for two reasons: first, because the balance due the mortgage holders (Countrywide and Fifth Third) exceeds the value of Mary's one-half interest in the real estate. Second, Mary asserts that reaffirmation was not in her best interest because the Plaintiff was pursuing avoidance of Countrywide's mortgage, and if successful, the Plaintiff in his capacity as Trustee, would be able to sell the property in order to realize the value of the real estate for the benefit of the bankruptcy estate. Since the Plaintiff could possibly sell the real estate free and clear of liens and for less than the amount due all lienholders pursuant to § 363, Mary could end up without her home but still liable for any balance due Fifth Third by virtue of the reaffirmation agreement.

## II. The Court Lacks Subject Matter Jurisdiction over the Third Party Plaintiffs' State Law Legal Malpractice Claims.

■ As provided by 28 U.S.C. § 1334(b) "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Furthermore, 28 U.S.C. § 157(a) provides that, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The United States District Court for the Southern District of Ohio has elected to refer all bankruptcy proceedings to the bankruptcy judges for this district.

■ Notwithstanding the broad grant of jurisdiction contained in 28 U.S.C. § 1334(b), it is "not without limit." *Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984, 994 (3d Cir.1984). For subject matter jurisdiction to exist under 28 U.S.C. § 1334(b), "there must be some nexus between the 'related' civil proceeding and the title 11 case." *Id.* Within the confines of 28 U.S.C. § 1334, "the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *Michigan Employment Security Commission v. Wolverine Radio Co. Inc. (In re Wolverine Radio)*, 930 F.2d 1132, 1142 (6th Cir.1991) (citing *Pacor*, 743 F.2d at 994 (emphasis added)). Additionally, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which

in any way impacts upon the handling and administration of the estate." *Id.*

In this matter, the Third Party Plaintiffs' state law legal malpractice claims against the Third Party Defendant do not have a sufficient relationship to the "estate being administered in bankruptcy." *Wolverine Radio,* 930 F.2d at 1142. As provided by 11 U.S.C. § 541(a)(1), the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." First, with regard to the alleged postpetition instance of legal malpractice in connection with the reaffirmation agreement, this claim "did not exist as of the commencement of the Debtor's case and is thus not property of the estate." *Sicherman v. Crosby (In re Rivera),* 379 B.R. 728, 731 (Bankr.N.D.Ohio 2007). Furthermore, with regard to the two alleged prepetition instances of legal malpractice of failure to invalidate the Countrywide mortgage and negligent preparation of the bankruptcy schedules, these claims did not accrue until after the bankruptcy petition was filed. As explained by the court in *Casey v. Grasso (In re Riccitelli),* 320 B.R. 483, 491 (Bankr.D.Mass.2005), "the harm was caused when the bankruptcy petition was filed. . . ." Resolution of the malpractice claim based on the pre-petition conduct will simply have no effect on the bankruptcy estate because the claims did not arise until after the commencement of the case (filing of the bankruptcy petition) and therefore, are not property of the bankruptcy estate.

The Third Party Plaintiffs insist that this Court should hear the Third Party Complaint, positing that (1) the Third Party Complaint articulates a claim which arose prepetition by virtue of the Third Party Defendant's malpractice, and (2) the resolution of the claims set forth in the Third Party Complaint will have an effect on the bankruptcy estate because any recovery will be dedicated to paying the Third Party Plaintiffs' obligation to the estate. Both arguments fail. First, if in fact a prepetition cause of action exists, that cause of action is property of the estate and can only be pressed by the Plaintiff in his capacity as the chapter 7 trustee (at least until it is abandoned by the trustee). Upon filing of the Petition for Relief, that cause of action ceased to be Mary's asset and she has no authority to pursue that cause of action. Second, because any post-petition claims are not property of the estate, the only impact that their resolution will have is that a judgment in favor of the Third Party Plaintiffs would provide them with a source of payment for their liability to the estate. This connection is tenuous at best, and fails to "satisfy the jurisdictional requirement." See *Wolverine Radio,* 930 F.2d at 1142 (citations omitted). The outcome of the dispute between the Third Party Plaintiffs and the Third Party Defendant does not determine any "rights, liabilities or course of action of the [estate]," effect the Third Party Plaintiffs' liability to the estate, or otherwise bind the bankruptcy estate. See *Id.*

In conclusion, to the extent that the alleged harm suffered by the Third Party Plaintiffs occurred entirely after the commencement of the bankruptcy proceeding, a positive or negative outcome in the malpractice proceeding would simply have no effect or impact on the administration of the estate. Any prepetition cause of action belongs to the estate and the Third Party Plaintiffs lack standing to pursue estate claims.

## III. The Court Lacks Authority to Invoke Supplementary Jurisdiction Under 28 U.S.C. § 1367 Over the Third Party Plaintiffs' State Law Legal Malpractice Claims.

The "only jurisdictional basis for a district court or a bankruptcy court to

hear an *adversary proceeding commenced within a pending bankruptcy case filed under Title 11* is under the broad, but not unlimited, jurisdiction conferred under 28 U.S.C. § 1334." *Dawson v. J & B Detail, L.L.C. (In re Dawson),* 2006 WL 2372821 *6, n. 2 (Bankr.N.D.Ohio 2006) (citing *Premium of America, LLC v. Sanchez (In re Premium Escrow Serv.),* 342 B.R. 390, 402–403 (Bankr.D.D.C.2006) (emphasis added)). With regard to non-bankruptcy claims, the court in *Dawson* expressly found that, "a bankruptcy judge lacks authority to enter final judgment concerning these claims." *Id.* at *12. 28 U.S.C. § 1367(a) states,

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367.

As discussed by the court in *Premium Escrow Serv.,* "[w]ith notable exceptions in the Ninth and Second Circuits, federal courts at all levels have concluded that bankruptcy courts cannot invoke § 1367 as a basis for subject matter jurisdiction." *Premium Escrow Serv.,* 342 B.R. at 402. The reasoning articulated by the circuit courts focuses on the fact that 28 U.S.C. § 157(a) permits district courts to refer only "cases 'arising under,' 'arising in,' or 'related to' a bankruptcy matter to bankruptcy courts." *Id.* at 402. Therefore, since 28 U.S.C. § 157(a) "appears to restrict the district court's ability to transfer matters to bankruptcy courts to those proceedings over which the district courts have jurisdiction pursuant to § 1334, these

[circuit] courts have concluded that bankruptcy courts cannot assert supplemental jurisdiction under § 1367." *Id.* at 403. Lastly, the court in *Walker v. Cadle Co. (In re Walker),* 51 F.3d 562, 573 (5th Cir. 1995), expressly stated that, "[a]bsent from this grant of jurisdiction is any indication that district courts may refer to bankruptcy courts any cases that were before district courts only on the basis of supplemental jurisdiction."

The Third Party Plaintiffs have failed to illustrate that this Court has authority to invoke supplementary jurisdiction under 28 U.S.C. § 1367 as a basis to hear the Third Party Plaintiffs' state law legal malpractice claims against the Third Party Defendant.

**IV. If the Court Has Independent Authority to Invoke 28 U.S.C. § 1367, Supplementary Jurisdiction Is Lacking Because the Plaintiff's Action Against the Third Party Plaintiffs and the Third Party Plaintiffs' Action Against the Third Party Defendant Do Not Arise from a Common Nucleus of Operative Fact.**

 In order for supplementary jurisdiction under 28 U.S.C. § 1367 to exist, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Although the court in *Walker* concluded that, "bankruptcy courts may not exercise supplemental jurisdiction," the court acknowledged that a minority of courts have found supplementary jurisdiction to exist. *Walker,* 51 F.3d at 571. Those courts then analyzed whether or not there was a "close logical and factual nexus between the pendent claim and the impleader claims ..." *Id.* at 570.

In this matter, even if this Court has independent authority to invoke 28 U.S.C. § 1367, there would be no basis for exercising supplementary jurisdiction because there is not a close nexus between the claims asserted by the Plaintiff and the claims asserted by Third Party Plaintiffs against the Third Party Defendant. The Plaintiff's Complaint seeks forfeiture of Mary's interest in the real estate, based upon default under the Land Installment Contract, and authority to sell the real estate. The Third Party Plaintiffs seek a judgment against the Third Party Defendant for damages due to malpractice. The relationship between the Plaintiff's claim against the Third Party Plaintiff and the Third Party Plaintiffs' claims against the Third–Party Defendant do not arise from a common nucleus of operative fact.

Therefore, in accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that the Third Party Defendant Michael T. Gunner's Motion to Dismiss the Third Party Complaint (Doc. 10) filed on September 15, 2010, is hereby **GRANTED,** and the Third Party Complaint is dismissed.

**IT IS SO ORDERED.**